1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOURNE INTERNATIONAL, INC.,

                Plaintiff,

     v.

CHET STOLER and SOUTH SEAS
TRADING COMPANY,

               Defendants.

CASE NO. C06-5680RJB

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR ORDER
COMPELLING PRODUCTION
PURSUANT TO SUBPOENA
*DUCES TECUM*

      This matter comes before the Court on the Plaintiff's Motion for Order Compelling Production Pursuant to Subpoena *Duces Tecum* (Dkt. 12) and the Motion to Strike contained in the reply (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      The Amended Complaint alleges the following claims: (1) Breach of Corporate Duties and Misappropriation of Corporate Opportunity by a former Shareholder, Director, Officer and/or Employee; (2) Trade Dress infringement of Bourne International, Inc.'s ("Bourne") Leaf Collection™ furniture; (3) Fraud and Misrepresentation; (4) Interference with Contractual Relations; (5) Interference with Prospective Advantage and Business Expectancy; (6) Misappropriation of Trade Secrets; and (7) Copyright Infringement. Dkt. 11 at 1.

1    The following is a summation of the factual allegations contained in the Amended
2 Complaint:

3    Chet Stoler, owner of South Seas Trading Company, is a former shareholder, director,
4 officer, and employee of Bourne. *Id.* at 4. Bourne imports furniture from Asian factories in
5 Indonesia. *Id.* at 3.

6    Through Mr. Stoler, Bourne contracted to import five shipping containers of furniture
7 from a furniture line known as "The Leaf Collection" for Otsuka, a company in Hawaii. On
8 September 26, 2006, Mr. Stoler resigned as president and director and surrendered his shares in
9 Bourne. *Id.* at 5. He continued as an employee until he resigned from the company on November
10 7, 2006. *Id.* The plaintiff alleges that Mr. Stoler diverted some of the Otsuka shipments to his own
11 account and that after the first shipment, Otsuka notified Bourne that it intended to use South
12 Seas Trading for the remaining shipments. *Id.* at 4, 5. The plaintiff believes that Mr. Stoler
13 initiated or finalized an arrangement with Otsuka to use South Seas Trading rather than Bourne
14 while Mr. Stoler was in Hawaii as an employee of Bourne. *Id.* at 6.

15    Bourne now moves to compel production pursuant to a subpoena duces tecum served
16 upon Richard Jamieson and Jamieson Import Services, Inc. (collectively "Jamieson"), the import
17 broker for the parties. Dkt. 12 at 1, 3. The subpoena duces tecum seeks production of documents
18 relating to the parties in this matter, certain Otsuka companies, furniture shipments regarding the
19 parties or Otsuka, and The Leaf Collection. Dkt. 12-2 at 3. The subpoena duces tecum also seeks
20 documents relating to "PT Kasega Dadidit," and Sun Furniture, Inc. *Id.*

21    Counsel for Jamieson objected to each request and faxed those objections to the plaintiff's
22 counsel. Dkt. 12 at 2. The plaintiff's counsel and counsel for Jamieson conferred regarding this
23 motion, resulting in proposed modifications to the subpoena requests. *Id.* at 3. The plaintiff
24 proposed limiting many of the requests to documents dating June 2006 to the present. *See* Dkt.
25 12-4. Counsel for Jamieson did not respond to the proposed modifications. Dkt. 12 at 2.

26    Richard Jamieson and Jamieson Import Services, Inc, via counsel, were permitted to
27 appear as interested parties in this action and filed a response to the motion. Dkt. 18. Mr.
28 Jamieson disputes the factual allegations in the Amended Complaint and contends that he is the

1    co-designer of the furniture collection that is the subject of this litigation. *Id.* at 2.

2                                    **II. DISCUSSION**

3    **A. MOTION TO COMPEL**

4           Federal Rule of Civil Procedure 45 governs subpoenas. That rule provides that the party

5    responsible for issuing and serving a subpoena "shall take reasonable steps to avoid imposing

6    undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). This

7    duty is enforced by the court. *Id.* The party commanded to produce pursuant to a subpoena may

8    serve written objections to the subpoena, in which case the party serving the subpoena is not

9    entitled to the materials sought except by court order. Fed. R. Civ. P. 45(c)(2)(B). Upon notice to

10   the person commanded to produce, the party serving the subpoena may move for an order

11   compelling production, but such order must "protect any person who is not a party or an officer

12   of a party from significant expense." *Id.* In this case, Bourne has been unable to obtain the desired

13   discovery because Jamieson objected in writing to the subpoena. *See* Dkt. 12 at 3. Bourne

14   therefore seeks an order compelling production pursuant to the subpoena.

15          Jamieson contends that complying with the discovery request would impose an undue

16   burden because the records sought cannot be sorted without individual review of each document

17   and because the requests are overly broad. Dkt. 18 at 3. The plaintiff's proposed modification,

18   limiting many of the requests to documents dating from June 2006 to the present, would appear to

19   greatly narrow the scope of the requests and ameliorate the burden on Jamieson. To the extent

20   that the requests necessitate individual review of each document, such an inconvenience is often

21   inherent in participating in discovery. The Court should therefore decline to deny the motion on

22   these bases and turns its attention to each category of material requested.

23          **1. CHET STOLER**

24          The first and seventh requests seek documents relating to Chet Stoler and shipments of

25   furniture between August 2006 and the present by and/or for and/or on behalf of Chet Stoler.

26   Dkt. 12-2 at 3. Jamieson objects on the grounds that these requests are overly broad and vague,

27   rendering production unduly burdensome and expensive. Dkt. 12-3 at 1-4. Jamieson also objects

28   on the grounds that the requests may seek privileged, protected, or proprietary information, trade

ORDER
Page 3

1   secrets, or other confidential commercial information. Dkt. 12-3 at 1-4. Finally, Jamieson

2   contends that the plaintiff "is already in possession of all documents *addressed to* Mr. Stoler."

3   Dkt. 18 at 4 (emphasis added). Jamieson contends that even with a time limitation, the request is

4   too broad but does not suggest how the discovery request might be tailored to reduce the burden

5   of complying.

6          While it appears that compliance with the discovery request will be burdensome to some

7   degree, the plaintiff's offer to tailor the request to documents dated from June 2006 is reasonable

8   and would help reduce this burden. Jamieson's contentions regarding trade secrets and

9   confidential commercial information are vague and do not justify denying the plaintiffs any

10  discovery from Jamieson on this subject. The motion should be granted as to these requests.

11         **2. SOUTH SEAS TRADING**

12         The second and eighth requests seek documents relating to South Seas Trading Company

13  and shipments of furniture between August 2006 and the present by and/or for and/or on behalf of

14  South Seas Trading Company. Dkt. 12-2 at 3. Jamieson contends that the purpose of these

15  requests is to "further an unfair competitive advantage" with respect to the Leaf furniture line and

16  that other products marketed by South Seas Trading Company are irrelevant to this matter. *Id.*

17  The motion and reply do not demonstrate that this discovery request should include products

18  other than the Leaf furniture line. The Court should grant the motion to compel production

19  responsive to these requests documents from June 2006 and relating only to the Leaf furniture

20  line.

21         **3. OTSUKA**

22         The third, fourth, and ninth requests relate to Otsuka Furniture and Appliances and

23  Otsuka's Furniture Direct. Dkt. 12-2 at 3. Jamieson contends that these documents are

24  "privileged and proprietary," and that Mr. Jamieson has a "fiduciary duty to the manufacturer and

25  the client." Dkt. 18 at 5. The basis for such a fiduciary relationship is unclear. The motion should

26  be granted with respect to these requests.

27         **4. PT KASEGA DADIDIT**

28         The fifth request seeks documents relating to "PT Kasega Dadidit." Dkt. 12-2 at 3.

1   Kasega Dadidit is apparently an Indonesian factory that manufactures and ships The Leaf

2   Collection. Dkt. 12 at 3. The motion and reply do not explain who or what "PT Kasega Dadidit"

3   is or the relevance of documents relating to PT Kasega Dadidit. The motion should be denied

4   without prejudice as to this request.

5           **5. BOURNE INTERNATIONAL, INC.**

6           The sixth and eleventh requests seek documents relating to the plaintiff. Jamieson

7   contends that after contracts with the plaintiff were cancelled, "any further contact by Jamieson

8   Import Services, Inc. would be privileged and proprietary" based on "fiduciary duty." Dkt. 18 at

9   5-6. From the information provided by Jamieson, the Court cannot determine whether the

10  information sought is indeed privileged. The motion should be granted as to these requests.

11          **6. SUN FURNITURE, INC.**

12          The tenth and twelfth requests seek documents relating to Sun Furniture, Inc. ("Sun

13  Furniture"). Dkt. 12-2 at 3. Sun Furniture is an owner of Bourne International, Inc. Dkt. 12 at 4

14  n.1. Jamieson contends that the plaintiff already possesses documentation of the parties' business

15  prior to October 2006 and that later documents are "privileged from disclosure as proprietary and

16  unrelated to the ultimate issues of this litigation." Dkt. 18 at 6. Jamieson fails to explain the basis

17  for any privilege or its source of knowledge as to whether the plaintiff is already in possession of

18  the documents it seeks. The Court should therefore grant the motion as to these requests.

19          **7. THE LEAF COLLECTION ™**

20          The thirteenth request seeks documents relating to The Leaf Collection. Dkt. 12-2 at 3.

21  Mr. Jamieson contends that he is a co-designer of the collection and that the documents the

22  plaintiff seeks are "clearly privileged from disclosure to a hostile competitor as proprietary." Dkt.

23  18 at 7. It appears that documents responsive to the discovery request may constitute trade

24  secrets deserving of protection from disclosure. Trade secrets can be protected through use of a

25  privilege log designating specific documents with specific objections, so that the Court, in absence

26  of agreement, can make specific rulings. The parties should work together to facilitate discovery

27  on this subject in a manner that would minimize the risk of disclosure of information constituting a

28  trade secret. The Court should deny the motion without prejudice as to this request.

1 **B. MOTION TO STRIKE**

2       In the reply, the plaintiff contends that the response to the motion should be stricken as

3 untimely. Dkt. 16 at 1. The plaintiff contends that it did not receive Jamieson's response until

4 April 20, 2007, the day the reply was due. Dkt. 16 at 1. The response is accompanied by a

5 Certificate of Service stating that the plaintiff was served on April 16, 2007. Dkt. 18 at 8. The

6 plaintiff has not offered evidence rebutting the Certificate of Service. The Court should decline to

7 strike the response.

8                                   **III. ORDER**

9       Therefore, it is hereby

10       **ORDERED** that Plaintiff's Motion for Order Compelling Production Pursuant to

11 Subpoena *Duces Tecum* (Dkt. 12) is **GRANTED in part** and **DENIED in part** as follows: (1)

12 The Motion is **GRANTED** as to the first, third, and fourth requests, subject to the time limitation

13 proposed by the plaintiff and addressed herein; (2) The Motion is **GRANTED** as to the second

14 request, subject to the time limitation, and such request shall be limited to documents relating to a

15 furniture line called The Leaf Collection; (3) The Motion is **DENIED without prejudice** as to

16 the fifth and thirteenth requests; (4) The Motion is **GRANTED** as to the sixth, seventh, ninth,

17 tenth, eleventh, and twelfth requests; and (5) The Motion is **GRANTED** as to the eighth request,

18 which shall be limited to documents relating to a furniture line called The Leaf Collection. The

19 plaintiff's Motion to Strike, contained in the reply (Dkt. 16), is **DENIED**.

20       The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

21 of record and to any party appearing *pro se* at said party's last known address.

22       DATED this 30th  day of April, 2007.

23

24

25       ROBERT J. BRYAN
          United States District Judge

26

27

28

ORDER
Page 6